Bret D. Lewis, Esq. [SBN 166819]
12304 Santa Monica Blvd., Ste 107A
Los Angeles, CA 90025
Tel (310) 207-0696
Fax (310) 362-8424
Email: Bretlewis@aol.com

Attorney for Alfred H. Siegel, Chapter 7 Trustee
Of the Bankruptcy Estate of Mark Alan Shoemaker

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Mark Alan Shoemaker,<br><br>    Debtor,<br><br>Alfred H. Siegel, Chapter 7 Trustee<br><br>    Plaintiff,<br><br>vs.<br><br>Nguyen Q. Nguyen,<br><br>    Defendant. | Case No.: 1:14-bk-15182-GM<br>Chapter 7<br><br>Adv. Case No.<br><br>COMPLAINT FOR:<br><br>(1) Common Counts<br>(2) Unjust Enrichment<br>(3) Breach of Contract<br>(4) Conversion<br>(5) Declaratory Relief |

COMES NOW Plaintiff Alfred H. Siegel, Chapter 7 Trustee ("Plaintiff"), alleges as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

1

2. This action is a core proceeding under 28 U.S.C. §157(b)(2)(A), (C), (E), (F), (K) and (O).

3. Venue in this Court is proper pursuant to 28 U.S.C. §1409, as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

## Parties

4. Mark Alan Shoemaker ("Debtor") commenced the above-captioned bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 7 of 11 U.S.C. § 101 et seq. on May 25, 2010.

5. Alfred H Siegel was duly appointed as the chapter 7 trustee (the "Trustee") in the Case on or about May 25, 2010.

6. Defendant Nguyen Q. Nguyen (hereafter "Defendant") is an individual residing in Orange County.

## First Claim – Breach of Contract
### (Against Defendant Nguyen Q. Nguyen)

7. Plaintiff realleges and incorporates by reference Paragraphs 1 through 6 as though fully set forth herein.

8. Defendant signed an Attorney Client Retainer Agreement ("Agreement") with Debtor regarding employment litigation. Debtor represented Defendant in all aspects in Orange County Superior Court Case No. 30-2008-00115222 (hereafter "Nguyen Case"). A true and correct copy is attached as Exhibit 1.

9. The case history and procedural events of litigation of the Nguyen Case is listed in the register of actions for the Nguyen Case.

10. Debtor engaged in extensive discovery, including depositions, law and motion, retaining expert witnesses, conducting depositions of opposing expert witnesses, complete preparation for trial including but not limited to jury instructions, special verdicts, exhibit preparation, and witness preparation.

11. Debtor successfully defeated motion for summary judgment. Debtor had

positioned the Nguyen Case for a jury verdict of over $10 million.

12.     All trial documents had been prepared including but not limited to jury instructions and special verdicts.

13.     Defendant filed a substitution of attorney on August 27, 2010. Defendant settled the Nguyen Case around February 28, 2011.

14.     Pursuant to the Agreement, Debtor was entitled to the reasonable value of legal services rendered to Defendant plus expenses forwarded by Debtor for the Nguyen Case and/or forty eight percent (48%) of any gross settlement recovery, plus expenses forwarded by Debtor for the Nguyen Case.

15.     Defendant breached his Agreement by his refusal and failure to pay Debtor under the terms and conditions of the Agreement. Plaintiff is entitled to compensation under the terms of the Agreement estimated to be at least $200,000, plus interest at the legal rate in an amount according to proof at the time of trial.

## Second Claim – Common Counts
### (Against Defendant Nguyen Q. Nguyen)

16.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 15 as though fully set forth herein.

17.     Debtor provided legal services and incurred expenses for the Nguyen Case for Defendant at the request of Defendant.

18.     Defendant failed to pay Debtor for the reasonable value of the legal services performed by Debtor for Defendant.

19.     Defendant failed to pay Debtor for the expenses incurred by Debtor for Defendant.

20.     Plaintiff is entitled to the reasonable value of Debtor's services at the rate of $350 per hour, plus interest at the legal rate, plus expenses incurred for the Nguyen Case, the total amount estimated to be over $200,000, but, in an amount according to proof at the time of trial.

## Third Claim – Unjust Enrichment

### (Against Defendant Nguyen Q. Nguyen)

21. Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 as though fully set forth herein.

22. Debtor's skill and services as an attorney was responsible for Defendant's successful settlement of the case around February 28, 2011.

23. Debtor expended significant time and resources preparing the Nguyen Case.

24. Defendant received the full benefit of Debtor's services, skill and resources as demonstrated by the settlement of the Nguyen Case around February 28, 2011 and the fact that the Nguyen Case register of actions does not show any legal activity conducted by any other attorneys that could or would in any manner have positioned the Nguyen Case for a successful settlement as compared to the services, skill and resources provided by Debtor.

25. Defendant has been unjustly enriched by failing to compensate Debtor for the time, expense, effort and resources expended by Debtor and such failure to compensate by Defendant is at the expense of Debtor. Defendant's receipt and retention of money from the settlement of the Nguyen Case is unjust and an injustice which requires restitution. It is unjust for Defendant to retain the proceeds of the settlement without paying compensation to Plaintiff due to the time, expense, effort and resources expended by Debtor on behalf of Defendant.

26. Under the terms of the Agreement, Debtor was entitled to compensation in priority to any person, including Defendant, for the value of legal services rendered and expenses incurred by Debtor for Defendant in the Nguyen Case.

27. Defendant agreed in writing that compensation to Debtor shall have absolute priority ahead of any other person or attorney.

28. Defendant's failure to compensate Debtor is inequitable and unjust.

29. Plaintiff is entitled to the imposition of a constructive trust pursuant to the Agreement.

4

30. Plaintiff is entitled to an accounting by Defendant pursuant to the Agreement.

31. Plaintiff is entitled to restitution pursuant to the Agreement.

32. Plaintiff is entitled to recover from Defendant, 48% of the gross settlement, plus expenses, or the reasonable value of said legal services performed and expenses incurred by Debtor, plus interest at the legal rate, subject to proof at trial.

## Fourth Claim – Money Had and Received
### (Against Defendant Nguyen Q. Nguyen)

33. Plaintiff realleges and incorporates by reference Paragraphs 1 through 32 as though fully set forth herein.

34. Defendant received money that belonged to Debtor due to the settlement of the Nguyen Case which in equity and good conscience should be paid over to the Plaintiff.

35. Plaintiff is informed and believes and thereon alleges that Defendant was paid monies from the settlement of the Nguyen Case of which $200,000 belonged to Debtor by virtue of the Agreement for the reasonable value of legal services rendered and expenses incurred by Debtor on behalf of Defendant in the Nguyen Case.

36. Defendant became indebted to Debtor in the sum of $200,000 for money had and received by said Defendant for the use and benefit of Debtor.

37. Plaintiff is entitled to a judgment of an amount of $200,000, plus interest at the legal rate, subject to proof at trial.

## Fifth Claim – Conversion
### (Against Defendant Nguyen Q. Nguyen)

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 as though fully set forth herein.

39. The Agreement entitled Plaintiff to the reasonable value of legal services and expenses incurred by Debtor for Defendant in the Nguyen Case.

40. Defendant wrongfully exercised dominion over the money estimated to be $200,000 which was the property of Debtor.

41. Defendant's conversion was wrongful due to the Agreement and Defendant's

1  actual knowledge of Debtor's right under the Agreement.

42. Plaintiff has been damaged in the amount of $200,000 and costs, plus the legal rate of interest, according to proof at trial.

43. Defendant's conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff, such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling Plaintiff to punitive damages which should be an amount appropriate to punish or set an example of Defendant.

## Sixth Claim – Declaratory Relief
### (Against Defendant Nguyen Q. Nguyen)

44. Plaintiff realleges and incorporates by reference Paragraphs 1 through 43 as though fully set forth herein.

45. The Agreement entitled Plaintiff to the reasonable value of services, and expenses incurred by Debtor in the Nguyen Case estimated to be at least $200,000, according to proof at trial.

46. California *Code of Civil Procedure* §1060 provides:

> "Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

47.  *Mojtahedi v. Vargas* (2014) 228 Cal.App.4th 974 and *Brown v. Sup. Ct. (Cyclon Corporation)* (2004) 116 Cal.App.4th 320 gives Plaintiff the right to seek a determination of Plaintiff's rights under the Agreement by declaratory relief of the validity, amount and priority of any lien or right to compensation under the Agreement. Plaintiff also has the right under these cases to seek enforcement through the declaratory relief action against Defendant and any other parties relevant to the determination such as Barnes Crosby Fitzgerald & Zeman LLP

48.  An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the Agreement. Plaintiff contends it is entitled to a minimum of $200,000 due to the Agreement and the legal services rendered and expenses incurred by Debtor for Defendant in the Nguyen Case under the Agreement.

49.  Plaintiff desires a judicial determination of its rights and duties, and a declaration as to the validity of the Agreement, the amount of attorneys' fees and expenses Plaintiff is entitled to under the Agreement, the priority of any rights to Plaintiff resulting from the Agreement as to Defendant and any third parties, enforcement of any rights resulting from the Agreement and any further rights resulting from the Agreement.

50.  A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties under the Agreement and any enforcement thereto.

///

///

///

///

Case 1:14-ap-01224-VK    Doc 1    Filed 12/01/14    Entered 12/01/14 21:57:21    Desc
Main Document    Page 8 of 8

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. On the First Claim: A minimum of $200,000, plus interest at the legal rate in an amount according to proof at the time of trial or 48% of gross recovery under Orange County Superior Court Case No. 30-2008-00115222, according to proof at trial;

2. On the Second Claim: Reasonable value of legal services and expenses incurred by Debtor estimated to be a minimum of $200,000, plus interest at legal rate, according to proof at trial;

3. On the Third Claim: imposition of constructive trust, accounting, restitution, 48% of gross recovery under Orange County Superior Court Case No. 30-2008-00115222, reasonable value of services and expenses incurred by Debtor estimated to be at least $200,000, interest at legal rate, according to proof at trial;

4. On the Fourth Claim: $200,000, plus interest at legal rate, according to proof at trial;

5. On the Fifth Claim: $200,000, plus interest at legal rate, according to proof at trial, punitive damages under Cal. Civ. Code section 3294;

6. On the Sixth Claim: For an order declaring and adjudicating the validity of the Agreement, the amount of attorneys' fees and costs Plaintiff is entitled to under the Agreement, the priority of any rights to Plaintiff resulting from the Agreement as to Defendant and any third parties, enforcement of any rights resulting from the Agreement and any further rights resulting from the Agreement;

7. On All Claims:

    a. Pre-judgment and post-judgment interest at the legal rate according to proof;

    b. Costs of suit;

    c. Such further relief as the Court deems proper.

Dated: November 26, 2014

            /s/ Bret D. Lewis
            Bret D. Lewis, Esq.
            Attorney for Plaintiff Alfred H. Siegel, Chapter 7 Trustee for
            the Bankruptcy Estate of Mark Alan Shoemaker